

FILED
JUN 29 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BENNIE GHOLAR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHICAGO POLICE OFFICER SEAN )<br>BOTTOM, STAR NO. 18938 and CHICAGO )<br>POLICE OFFICER K. STANULA, STAR NO. )<br>14469, Individually and as employee/Agents of )<br>the CITY OF CHICAGO, a municipal )<br>Corporation, )<br>)<br>)<br>Defendants. ) | **07CV3672**<br>**JUDGE GOTTSCHALL**<br>**MAG. JUDGE DENLOW**<br><br>JURY DEMAND |

### COMPLAINT AT LAW

NOW COMES, BENNIE GHOLAR, by and through his attorney, JEFFREY J. NESLUND, and in complaining of the Defendants, CHICAGO POLICE OFFICER SEAN BOTTOM, STAR NO. 18938 and CHICAGO POLICE OFFICER K. STANULA, STAR NO. 14469, state as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, BENNIE GHOLAR, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4. Defendants, CHICAGO POLICE OFFICER SEAN BOTTOM, STAR NO. 18938 and

1

CHICAGO POLICE OFFICER K. STANULA, STAR NO. 14469, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5. On June 30, 2005 plaintiff, BENNIE GHOLAR, was in a 1996 Dodge Van with his girlfriend, Vanessa Clark.

6. At approximately 12:50 a.m., the above van containing the plaintiff and Ms. Clarke was legally parked on the street in the vicinity of 414 E. 91st Street in Chicago, Illinois.

7. On the above date and time, the DEFENDANT OFFICERS entered the van and forced the plaintiff and Ms. Clarke out of the vehicle.

8. The DEFENDANT OFFICERS then searched and handcuffed the plaintiff and placed him in the rear of their squad car.

9. The DEFENDANT OFFICERS then searched the interior of the van.

10. The plaintiff was not the owner of the van searched by the DEFENDANT OFFICERS.

11. The DEFENDANT OFFICERS charged the plaintiff with the felony offense of Unlawful Use of a Weapon.

12. The DEFENDANT OFFICERS made false statements in their sworn reports that a handgun was discovered in the van and that the plaintiff admitted to ownership of the weapon.

13. The DEFENDANT OFFICERS testified falsely under oath that a handgun was discovered in the van and that the plaintiff admitted to ownership of the weapon.

14. All criminal charges were ultimately dismissed by the Cook County State's

Attorney's Office in a manner indicative of his innocence.

15. The plaintiff was in custody from June 30, 2005 until March 13, 2006 as a result of the misconduct of the DEFENDANT OFFICERS described above.

## COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention

16. Plaintiff re-alleges and incorporates paragraphs 1-15 as fully stated herein.

17. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

18. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

19. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### State Law Claim: Malicious Prosecution

20. Plaintiff re-alleges and incorporates paragraphs 1-15 above as fully stated herein.

21. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

22. DEFENDANT OFFICERS accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

23. Statements of DEFENDANT OFFICERS regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

24. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

25. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

26. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## **REQUEST FOR RELIEF**

27. Plaintiff, BENNIE GHOLAR, respectfully requests that the Court:

    a. After judgment in his favor and against Defendants, CHICAGO POLICE OFFICER SEAN BOTTOM, STAR NO. 18938 and CHICAGO POLICE OFFICER K. STANULA, STAR NO. 14469;

    b. Award compensatory damages against Defendants, CHICAGO POLICE OFFICER SEAN BOTTOM, STAR NO. 18938 and CHICAGO POLICE OFFICER K. STANULA, STAR NO. 14469;

    c. Award attorneys' fees against Defendants, CHICAGO POLICE OFFICER SEAN BOTTOM, STAR NO. 18938 and CHICAGO POLICE OFFICER K. STANULA, STAR NO. 14469;

    d. Award punitive damages against CHICAGO POLICE OFFICER SEAN BOTTOM, STAR NO. 18938 and CHICAGO POLICE OFFICER K. STANULA, STAR NO. 14469; in their individual capacities; and

    e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, BENNIE GHOLAR, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

_____
JEFFREY J. NESLUND
Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
150 North Wacker Drive
Suite 2460
Chicago, Illinois 60606
(312) 223-1100